**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TONY AL-BESHRAWI,** | ) | **Case No. 5:06cv369** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE SARA LIOI** |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **ELAINE L. CHAO, Secretary, U.S.,** | ) | |
| **Department of Labor, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Plaintiff Tony Al-Beshrawi (plaintiff) brought the above-captioned employment lawsuit against defendants seeking damages for hostile work environment, retaliation, loss of wages, and the alleged deprivation of rights under a variety of federal statutory and constitutional provisions.  In a decision filed contemporaneously with this Order, the Court granted defendants summary judgment on all claims in plaintiff's Third Amended Complaint.

Now before the Court is defendants' motion for sanctions under Fed. R. Civ. P. 11. (Docket No. 94).  Plaintiff has filed a brief in opposition. (Docket No. 100).  The focal point of defendants' motion is plaintiff's allegations of possible wrongdoing by defense counsel.  While plaintiff clearly took some liberties in describing defense counsel's participation in the litigation, the Court finds more troubling the fact that the issues raised in the present lawsuit were duplicative of those raised in prior lawsuits.  It is this vexatious activity that will be the focus of the Court's Order.

## I.  __PRIOR HISTORY__[1]

The present lawsuit represents the fourth time that plaintiff has sought judicial review of the circumstances surrounding his employment with the United States Patent and Trademark Office (USPTO).  Plaintiff was employed by the USPTO as a patent examiner from June 19, 2000 to March 25, 2004.

Plaintiff initiated his first lawsuit against defendants, and/or their privies, on November 20, 2002.  In this action originally filed in the District Court for the District of Columbia, and eventually transferred to the District Court of the Eastern District of Virginia, plaintiff alleged that the USPTO had subjected him to race, religion, and/or national origin hostile work environment, had violated the Privacy Act, 5 U.S.C. § 552a *et seq.*,  by disclosing his medical records, and had retaliated against him for prior protected activity.  *Al-Beshrawi v. United States of America, et al.*, D.C., D.C., 2002CV2287, transferred to E.D. Va 2003CV1390 (*hereinafter Al-Beshrawi I).*  The trial court granted the USPTO summary judgment on the Privacy Act and retaliation claims, and a jury returned a verdict in favor of the USPTO on the hostile work environment claim.

Plaintiff filed his second federal action on May 7, 2004, again in the District Court for the District of Columbia.  *Beshrawi v. United States of America, et al.*, D.C., D.C., 2004CV743, transferred to E.D. Va 2005CV1101 *(hereinafter Al-Beshrawi II)*.  Focusing on plaintiff's

---

[1]A more complete chronicle of plaintiff's history with the federal and state judicial systems is contained in the Court's Memorandum Opinion, filed contemporaneously with this Order.

complaint of discrimination, which had been previously filed with the Equal Employment Opportunity Commission (EEOC), plaintiff raised the same allegations of national origin and religious harassment that were the focus of *Al-Beshrawi I*.  In orally granting the defendants' motion for summary judgment on January 13, 2006, the district court observed that plaintiff's claims for hostile work environment, retaliation, and violations of the Privacy Act and the Whistleblowers Protection Act (WPA), 5 U.S.C. § 1213 *et seq.*, had all been litigated in *Al-Beshrawi I*. (Docket No. 130-2 at p. 19-22).

In a third lawsuit, filed in the Arlington County Circuit Court of Virginia, plaintiff again challenged the terms and conditions of his employment with the USPTO.  Couching his claims in terms of common law violations, plaintiff alleged that he had been the victim of assault, slander, and libel by his supervisors.  This action was removed to district court, where it was eventually dismissed.

In the present action, plaintiff once again raised claims of hostile work environment, retaliation, and violations of the Privacy Act and the WPA.  In the Court's decision filed contemporaneously with this Order, these claims were all dismissed on the basis of res judicata. Plaintiff also challenged the decision of the Merit Systems Protection Board (MSPB) affirming his discharge from the USPTO.  The Court dismissed this claim, as well, finding that the *Al-Bashrawi II* Court had already determined that the MSPB's decision did not represent an abuse of discretion.  Finally, the Court determined that plaintiff's claim under the Federal Employees' Compensation Act (FECA), 5 U.S.C. §§ 1101 *et seq.*, was not reviewable because plaintiff had not exhausted his administrative remedies.

## II.    DISCUSSION AND LAW

Federal Rule of Civil Procedure 11 provides, in relevant part, that:

> to the best of [an attorney's or unrepresented party's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,...claims, defenses, and other legal contentions [presented to the court in a paper] are warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law and the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b)(2)-(3).   Rule 11 further provides that if an attorney or a party violates these requirements, the district court may impose sanctions consisting of monetary or nonmonetary sanctions. Fed. R. Civ. P. 11(c).

In the Sixth Circuit, the test for the imposition of Rule 11 sanctions is "whether the individual's conduct was reasonable under the circumstances." *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 939 (6th Cir. 2002).    "The court has significant discretion in determining what sanctions, if any, should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct of the offending person or comparable conduct by similarly situated persons."   *Id., citing* the 1993 Advisory Committee Notes to Rule 11. *See also Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989) (setting forth factors to balance in determining appropriate sanctions).

With respect to nonmonetary sanctions, courts have considerable discretion in drafting orders restricting a litigious party's access to the courts. *Feathers v. Chevron U.S.A.,* 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation.")  *See Riccard v. Prudential Ins. Co.*,

307 F.3d 1277, 1294 (11th Cir. 2002); *United States ex rel. v. MK-Ferguson Co.*, 99 F.3d 1538,
1548 (10th Cir. 1996).  *See also Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987).  Both the U.S.
Supreme Court and the Sixth Circuit have reaffirmed the district court's inherent authority to
take action to prevent abuse of the judicial system.  *See Chambers v. Nasco, Inc.*, 501 U.S. 32,
43-45 (1991); *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.,* 125 F.3d 308, 313 (6th Cir. 1997).
A prerequisite to the exercise of such power is a finding that a litigant has acted in bad faith,
vexatiously, wantonly, or for oppressive reasons.  *Big Yank Corp.,* 125 F.3d at 313.

In their motion for sanctions, defendants draw the Court's attention to numerous filings
by plaintiff wherein he alleged that defense counsel had acted inappropriately.  In one filing,
plaintiff accused Assistant U.S. Attorney Alex Rokakis of committing perjury. (Docket No. 75 at
fn. 2).  In other filings, plaintiff accused Mr. Rokakis of failing to properly enter an appearance
in the present action, and in engaging in a pattern of "delaying Court proceedings, harassing
Plaintiff, threatening Plaintiff to withdraw his complaint...and...attempting to delay justice."
(Docket Nos. 87 and 92 at p. 2, respectively).

At the outset, it is noted that, while it appears from the record that plaintiff may have
been represented by counsel in prior litigation, plaintiff has proceeded *pro se* in the present
action.  As such, the Court does expect plaintiff to understand all of the nuances of the legal
system.  Nonetheless, it is well settled that even *pro se* litigants must engage in a reasonable
inquiry as to whether a complaint is well-grounded in fact and warranted by existing law.  *See
Danvers v. Danvers*, 959 F.2d 601, 604-05 (6th Cir. 1992).

Even accounting for plaintiff's *pro se* status, however, there can be little doubt that these
filings were not pursued in good faith. *See Big Yank Corp., supra.*  Plaintiff repeatedly launched

serious allegations against defense counsel without citing any factual basis for these claims.  Nor is there any indication that plaintiff engaged in a good faith analysis of the validity and accuracy of the various allegation against Mr. Rokakis, as is required under Rule 11.  Fed. R. Civ. P. 11(b).  Moreover, this reckless activity has diverted the Court's attention, and its limited resources, from the relevant legal issues involved in the case.  As such, this action was not reasonable, and was clearly sanctionable.  *See e.g., Danvers v. Danvers*, 959 F.2d 601 (1992) (*pro se* party sanctioned for failing to make a good faith inquiry into allegations of a conspiracy between an opposing party and the presiding judge.)

As alluded to earlier, however, the Court is more troubled by the fact that plaintiff continues to file lawsuits to challenge various alleged wrongdoing that occurred during the course of his employment.  Three separate courts have now reviewed plaintiff's employment history with the USPTO.[2]  While plaintiff has taken a slightly different tact with each action, he continues to complain about the same perceived hostile environment and retaliation for engaging in protected activity.

Plaintiff was put on notice by the trial court in *Al-Beshrawi II* that he had already enjoyed his day in court on matters pertaining to his employment with the USPTO.  (Docket No. 130-2 at pp. 19-22).  For example,  the trial court observed that "the hostile work environment and the claim relating to the Notice of the Proposed Termination,...the circulation of medical records, the false statements on Federal forms about AWOL and all that sort of thing—those are barred by res judicata."  (Docket No. 130-2 at p. 20).   In so ruling, the trial court explained that these claims "were litigated to a final judgment, and...are barred by the previous litigation [*Al-*

---

[2]The same trial judge presided over *Al-Beshrawi I* and *Al-Beshrawi II.*

6

*Beshrawi I*].” (Docket No. 130-2 at p. 20).

The Court has both the right and the obligation to protect its limited resources.  *See In re McDonald*, 489 U.S. 180, 184 (1989).  Indeed, [e]very paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources.” *Id.*  In the present case, not only has the Court been required to devote resources to addressing claims that have been repeatedly litigated, it has had to address each and every filing it has received in this matter.  As of the date of filing of defendants' Rule 11 motion, there were already 93 docket entries in the record.  This equated to a docket entry for every two business days since this case was originally filed.

Consequently, the Court believes that it is necessary to place certain restrictions on plaintiff's future access to the federal courts.  Specifically, the Court rules that plaintiff is permanently enjoined from initiating any civil action relating in any way to his employment with the USPTO or involving any legal claims based upon or arising out of the legal or factual claims alleged in this or any prior federal action without first obtaining a certification from a United States Magistrate Judge that the action is not frivolous.  *See e.g., Tropf*, 289 F.3d at 941 (prefiling certification requirement permissible); *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996) (modification of a district court's filing injunction to require a certification).  This limitation shall not apply to actions filed in state court or actions that have been filed in federal court by plaintiff prior to the date of this Order.[3]  Nor shall this Order affect any administrative remedies plaintiff has yet to exhaust.  Plaintiff is also welcome, of course, to seek judicial review

---

[3]Indeed, the Court has a second lawsuit filed by plaintiff on its docket, which is indirectly related to the present action.  *See Al-Beshrawi v. Gail Arney*, 5:06CV02114.  Today's ruling will in no way affect the resolution of that matter.

of the rulings of this Court.

The Court notes that it could have more severely sanctioned plaintiff by imposing additional nonmonetary or monetary  sanctions. It trusts, however, that these finely tailored restrictions will deter plaintiff from further abusing the judicial system.

**IT IS SO ORDERED**.

*s/  Sara Lioi*
Dated:  April 23, 2007                                         Sara Lioi
                                                              U.S. District Judge

8